Territorial Law Library

FILED
COURT
OCT 22 PM 5: 28
OF COURT

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM, )
) CASE NO. CF0582-10
)
)
v. )
) **DECISION AND ORDER**
) **ON MOTION TO REDUCE**
) **SENTENCE**
BRANDON M. FLORES, )
)
Defendant. )
)

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on February 27, 2013 on Defendant's Motion to Reduce Sentence. Assistant Attorney General Jesse N. Nasis represented the People of Guam. Defendant Brandon Flores was represented by Attorney John P. Morrison. Having considered the arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On August 2, 2012, a jury found Brandon Flores guilty of one count of Theft by Receiving Stolen Property as a 2nd degree felony. On October 15, 2012, this Court imposed a sentence upon Flores which included eight (8) years imprisonment, three of which were suspended. On January 14, 2013, Flores moved this Court reduce his sentence pursuant to 8 G.C.A. § 120.46 and 9 G.C.A. § 80.22. On February 13, 2013, the People opposed the motion, citing the statutory sentencing scheme. For the reasons set forth below, the Court shall deny the motion.

## DISCUSSION

Flores cites two sections of the Guam Code in bringing his motion. "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the

sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction." 8 G.C.A. § 120.46. Title 9 G.C.A. Section 80.22 states "[i]f, when a person has been convicted of an offense, the court, having regard to the nature and circumstances of the offense and to the history and character of the offender, is of the view that it would be unduly harsh to sentence the offender in accordance with the code, the court may enter judgment for a lesser included offense and impose sentence accordingly."

This Court imposed Flores' sentence pursuant to the following statute:

> Theft constitutes a felony of the second degree if the amount involved exceeds One Thousand Five Hundred Dollars ($1,500) or if the property stolen is a bus, truck, automobile, aircraft, motorcycle, or motor boat, or in the case of theft by receiving stolen property, if the defendant is in the business of buying and selling stolen property. **In the case of theft as a felony of the second degree, the court shall impose a sentence of imprisonment of a minimum term of five (5) years and may impose a maximum term of up to ten (10) years; the minimum term imposed shall not be suspended nor may probation be imposed in lieu of the minimum term nor shall parole or work release be granted before completion of the minimum term.** The sentence shall include a special parole term of not less than three (3) years in addition to such term of imprisonment provided, however, that in the case of an offender not previously convicted of a felony or of an offense constituting theft, the court may sentence the offender to not more than five (5) years imprisonment and the provisions of this subsection prohibiting probation, suspension, parole, or work release shall not be applicable to such offender.

9 G.C.A. §43.20(a) (emphasis added).

The statutory scheme the Legislature has provided for the sentencing of those convicted of Theft as a Second Degree felony. As the statute quite clearly reads, this Court is bound to sentencing to a minimum term of five years imprisonment. The only way this Court could have legally sentenced him to a term of less than five years imprisonment is if he were not previously convicted of a

felony. However, the record before this Court indicates Flores' history includes a felony plea. Had he not had that in his record, the five year imprisonment term would be a maximum rather than a minimum. As he is not a first-time felon, that portion of section 43.20(a) is not available to Flores.

Flores cites to the varying sentences for his co-actors to the crimes for which he was convicted in moving for a sentence reduction. This argument carries little weight when viewed alongside the sentencing statutes. Flores brings nothing which would convince the Court a reduction of his sentence is warranted.

## CONCLUSION

For the reasons set forth above, Flores' Motion to Reduce Sentence is hereby **DENIED**.

It is **SO ORDERED** this 22nd day of October, 2013.

OCT 2 2 2013

_____
·iHONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

OCT 2 2 2013

Esther L.G. Pinaula
Deputy Clerk, Superior Court of Guam